UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,            Criminal No. 10-217 ADM/AJB)

    Plaintiff,

v.            **REPORT AND RECOMMENDATION**

JASON ANDERSEN,

    Defendant.

Gerard V. Hogan, Esq., and Nicole Lee Ndumele, Esq., United States Department of Justice, for the plaintiff, United States of America;

Mark D. Larsen, Esq., for defendant Jason Andersen.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on September 9, 2010, at the U.S. Courthouse, 316 North Robert St., St. Paul, MN 55101. Testimony was presented at the hearing with regard to dismissal of the indictment and suppression of statements.

Based upon the file and documents contained therein, along with testimony presented at hearing, the magistrate judge makes the following:

**Findings**

**Statements.** Defendant Jason Andersen has been indicted on a charge of deprivation of rights under color of law. The indictment is based on the allegation that the defendant, while acting under color of law as a police officer, kicked a person and caused bodily injury, thereby depriving that person of the right not to be subjected to unreasonable use of force by a police officer.

Prior to initiation of a federal criminal action, the defendant's actions in regard to

this matter were the subject of an administrative disciplinary investigation by the Minneapolis Civilian Review Authority (CRA), pursuant to a complaint by the victim's mother. In the course of the administrative investigation, defendant Jason Andersen was interviewed and he made statements to investigators. Upon commencement of a criminal investigation by the FBI, Special Agent Gina Palokangas obtained investigation materials from the CRA. When the packet of CRA materials was received by agent Palokangas, she gave the packet to another FBI Special Agent, Sean Boylan, for purposes of reviewing the materials and removing documents evidencing statements made by the defendant to the CRA, as mandated under Garrity v. New Jersey, 385 U.S. 493 (1967) and FBI procedure. Special Agent Palokangas did not open or examine the CRA packet prior to giving the file to agent Boylan. Special Agent Boylan removed materials that were statements or summaries of statements by the defendant and those materials have not been seen or made available to agent Palokangas or other FBI agents involved in the criminal investigation, though agent Palokangas has seen other documents contained in the CRA packet, including a victim statement. FBI Special Agent Jay Brunn is also involved in the criminal investigation in this matter and reviewed contents of the CRA packet, after removal of any statements by the defendant, as well as findings or summaries based on such statements. Agent Brunn was provided the CRA materials, along with a Minneapolis Police internal affairs report, by Special Agent Sean Boylan and Special Agent Erin Applebaum. The internal affairs report contained no reference to any statements by the defendant, and neither agent Applebaum nor agent Boylan have had any involvement in the criminal investigation apart from the Garrity review. Special Agent Boylan prepared an FBI 302 report wherein he stated that he had reviewed the contents of the CRA packet and had removed materials construed to be statements

or summaries of statements by the defendant. The 302 was reviewed by Special Agent Palokangas.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Garrity Review.** Dismissal of the indictment in this matter on grounds that the charge is based upon evidence used in violation of the defendant's privilege against self-incrimination is not required. In addition, suppression of statements that the defendant was compelled to make in an administrative proceeding is a moot issue where the government represents to the court that such statements will not be offered at trial.

The privilege against self-incrimination does not preclude the government from compelling a public officer to respond in the context of administrative proceedings, but the officer's Fifth Amendment rights are implicated under circumstances whereby such compelled statements may be used against the officer in a subsequent criminal proceeding. United States v. Moten, 531 F.3d 763, 766 (8th Cir. 2008) (citing In re Grand Jury Subpoenas Dated Dec. 7 & 8, 40 F.3d 1096, 1102 (10th Cir. 1994). If the officer, as a criminal defendant, shows that he was compelled to testify by the government employer, the prosecution must show a legitimate and wholly independent source of the compelled information that was provided by the defendant in the administrative interview. United States v. McGuire, 45 F.3d 1177, 1182 (8th Cir. 1995).

The government does not dispute the contention that the defendant's prior statement was compelled and fully acknowledges that admission of the statement or fruits of the statement in this criminal proceeding would be in violation of Mr. Andersen's Fifth Amendment rights. However, the government and the defendant are not in agreement as to the nature and

3

extent of the independent source showing that must be made by the government. The defendant, on one hand, argues that the government has failed to make the necessary showing that evidence to support the indictment, as well as evidence that may be offered at trial, was not directly or indirectly derived from his administrative proceeding statement, and the case should therefore be dismissed. The government, on the other hand, contends that as a result of the FBI <u>Garrity</u> review, it has no knowledge of the substance of the defendant's statement; the statement was not produced as evidence to the grand jury; and therefore, any incriminating evidence that may be used by the government must have an independent source. In response, defendant Andersen asserts that the government's position is an attempt to improperly evade its evidentiary burden by requiring the defendant to show the absence of an independent source of information.

The government presented testimony at hearing regarding the FBI review and has agreed to make the grand jury transcript available to the defendant for purposes of testing the evidence provided to the grand jury against the compelled administrative statement that is presumably available to the defendant. Under the circumstances in this instance, the defendant is essentially demanding that the government make a preliminary presentation of all its evidence and the foundation for such evidence, without regard to the content of the defendant's prior statement.

As recited above, the Fifth Amendment protection against the use of a defendant's prior compelled statement in a subsequent criminal action is firmly established. <u>Garrity v. New Jersey</u>, 385 U.S. 493, 500 (1967). Likewise, it is clear that the government has the initial burden of showing that evidence in the criminal matter came from or was derived from a source independent of the compelled testimony, and that a hearing is properly held to determine

4

whether evidence was the product of an independent source.  United States v. Moten, 531 F.3d 763 at 766 (district court held a requisite evidentiary hearing pursuant to Kastigar v. United States, 406 U.S. 441 (1972)); see also  United States v. Garrett, 849 F.2d 1141 (1988)(case remanded for evidentiary hearing on independent source of evidence otherwise obtained under grant of immunity).  In the present case there has been no separate "Kastigar hearing" devoted to the independent source issue, but at the suppression hearing two FBI agents testified that another agent had excised the defendant's statement and references to the statement from the administrative proceeding packet that was given to the FBI.  Furthermore, the government attorneys in this matter represent that neither the grand jury nor members of the prosecution team have seen the materials that were removed from the file.[1]  See Moten, 531 F.3d 763 at 766-67. As to the defendant's burden shifting argument, the court disagrees with the defendant's contention.  The defendant is essentially relying upon a challenge to the truthfulness of the government's witnesses and counsel, while artfully avoiding such a direct claim.  Arguments in that regard fundamentally alter the nature of the review and credibility claims have not been properly put to the court.  Under these circumstances the court concludes that the government has carried its burden of showing that its evidence was derived from legitimate sources wholly independent of the defendant's prior compelled statement, and dismissal of the indictment for violation of the Mr. Andersen's Fifth Amendment rights is not required on the basis of the present record.

---

[1] Government's Response to Defendant's Pretrial Motion to Dismiss Indictment or Suppress Evidence, page 3 [Docket No. 39].

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

**RECOMMENDATION**

The Court **hereby recommends** that defendant Jason Andersen's Motion to Dismiss Indictment or Suppress Evidence be **denied** [Docket No. 14].

Dated:   September 21, 2010

  s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 4, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.