# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Jason Andersen,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-217 ADM/AJB

_____

Nicole Lee Ndumele, Esq., and Betsy Biffl, Esq., United States Department of Justice, Civil Rights Division, Criminal Section, Washington, D.C., on behalf of Plaintiff.

Mark D. Larsen, Esq., Lindquist & Vennum, PLLP, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Jason Andersen's ("Andersen") Objection [Docket No. 60] to Magistrate Judge Arthur J. Boylan's September 22, 2010 Report and Recommendation ("R&R") [Docket No. 57]. The R&R recommends denial of Andersen's Motion to Dismiss Indictment or Suppress Evidence [Docket No. 14]. For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II. BACKGROUND

Andersen served as a police officer with the Metro Gang Strike Force, an entity which no longer exists. Larsen Decl. [Docket No. 61] Ex. A, at 1. While on duty, he allegedly kicked a minor in the head during a confrontation at a local carnival. Larsen Decl. Ex. B, at 2. The minor's mother filed a complaint, triggering an investigation by the Minneapolis Civilian Review Authority (the "CRA"). R&R at 2. During the internal investigation, Andersen made

several statements (the "compelled statements") that the parties agree were obtained in violation of the Fifth Amendment because Andersen was threatened with job loss.  See id.

The FBI then launched its own investigation and requested the CRA's investigation materials.  Id.  The CRA prepared a packet of materials (the "CRA packet") and sent it to the FBI.  Id.  In accordance with established FBI procedure, FBI Special Agent Sean Boylan ("Agent Boylan") reviewed the materials and removed the compelled statements and any findings or summaries based on those statements.  Id.  Agent Boylan did not participate in the FBI's subsequent investigation, and none of the FBI agents investigating the federal case saw the removed portions of the CRA packet.  Id.  The FBI's investigation discovered evidence that led the grand jury to return an Indictment [Docket No. 1] against Andersen.

Andersen moved to dismiss the Indictment, arguing that the evidence offered to support the Indictment was tainted by the Fifth Amendment violation that produced the compelled statements.  Judge Boylan issued an R&R recommending the motion be denied, and Andersen now objects.

## III. DISCUSSION

### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

### B.  Fifth Amendment Requirements

The Constitution prohibits a person from being "compelled in any criminal case to be a

witness against himself."  U.S. Const. amend. V, cl. 3.  This right allows a person not only to refuse to testify as a criminal defendant, but also "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."  Lefkowitz v. Turley, 414 U.S. 70, 77 (1973).  Statements made by a government employee under threat of job loss are compelled in violation of the Fifth Amendment and cannot be used in a later criminal trial.  Garrity v. New Jersey, 385 U.S. 493, 500 (1967).

The "fruit of the poisonous tree" doctrine generally prohibits evidence obtained as a result of compelled testimony from being offered against a criminal defendant.  Murphy v. Waterfront Comm'n of New York Harbor, 378 U.S. 52, 79 (1964).  However, the "independent source doctrine" provides an exception where the Government can show that the offered evidence was derived from a legitimate source wholly independent of the compelled testimony.  Kastigar v. United States, 406 U.S. 441, 460 (1972).  The Government must prove the existence of an independent source for its evidence under a preponderance of the evidence standard.  See United States v. Moten, 551 F.3d 763, 766 (8th Cir. 2008).

### C.  The Indictment Was Not Result of Fifth Amendment Violation

The compelled statements themselves have not and will not be presented as evidence. Therefore, Andersen's arguments relating to suppression of the compelled statements are moot, and the only inquiry before the Court is whether any of the evidence presented to the grand jury was "fruit" of the compelled statements.

The evidence uncovered during the FBI investigation is not "fruit" of the compelled statements because the FBI has shown that its evidence was derived wholly from  independent

sources.  It is undisputed that the FBI investigators had access to the CRA packet.  However, the Government offered evidence that Agent Boylan removed all portions of the packet stemming from the compelled statements before handing the packet over to the investigating agents.  In essence, the FBI has shown that it insulated its investigating officers from the taint of the compelled statements.  Andersen has offered no evidence suggesting that, despite this insulation, the compelled statements influenced the investigation.  Andersen merely offers two newspaper articles that post-date the Indictment, only one of which references the existence but not substance of the compelled statements.  Nothing suggests that the evidence from the FBI's investigation was the result of the mere knowledge that the removed statements exist.  Therefore, with evidence that the taint of the compelled statements was purged, and no evidence to the contrary, the Government has shown by a preponderance of the evidence that its evidence was obtained wholly from legitimate sources.  Therefore, Judge Boylan properly determined that the Indictment should not be dismissed and there is no evidence to be suppressed.

Andersen argues that Judge Boylan erred because the Government's showing of independence relies on inference.  Specifically, the existence of independent sources is inferred from the Government's showing that the compelled statements could not have been a source of the evidence presented to the grand jury.  Andersen's argument is without merit; inferences are permissible in, and in fact essential to, our legal system.  See, e.g., United States v. Davis, 103 F.3d 660, 667-68 (8th Cir. 1996) (upholding criminal conviction based entirely on circumstantial evidence).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Andersen's Objection [Docket No. 60] is **OVERRULED**,

2. The R&R [Docket No. 57] is **ADOPTED,**

3. Andersen's Motion to Dismiss Indictment or Suppress Evidence [Docket No. 14] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery     
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 19, 2010.