# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Jason Andersen,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal File No. 10-217 ADM/AJB

___

Nicole Lee Ndumele, Esq., and Betsy Biffl, Esq., United States Department of Justice, Civil Rights Division, Criminal Section, Washington, D.C., on behalf of Plaintiff.

Mark D. Larsen, Esq., Lindquist & Vennum, PLLP, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Jason Andersen's ("Andersen") Appeal/Objection [Docket No. 58] (the "Objection") to Magistrate Judge Arthur J. Boylan's September 10, 2010 Order on Motions [Docket No. 47] (the "Order"). The Order, inter alia, granted Andersen's Motion to Disclose Rule 404(b) Evidence [Docket No. 21] (the "404(b) Motion") and granted Andersen's Motion to Compel Rule 16 Discovery [Docket No. 23] (the "Rule 16 Motion"). Andersen purports to object to these rulings. For the reasons set forth herein, Andersen's Objection is overruled in part, sustained in part, and the Order is affirmed.

## II. DISCUSSION

Andersen objects to the Order's rulings granting his 404(b) Motion and his Rule 16 Motion. However, Andersen does not object to the substance of the Order. Rather, he seeks to (1) expedite discovery to allow more time for review of 404(b) disclosures and (2) to enforce the

Order with respect to its ruling on Rule 16 disclosures. Each issue is considered in turn below.

## A. Disclosure of 404(b) Evidence

Judge Boylan's Order provides that the Government must disclose any evidence of prior crimes or bad acts to be introduced under Rule 404(b) of the Federal Rules of Evidence two weeks before the originally scheduled trial date of October 18, 2010. Order at 3. The deadline for the 404(b) disclosures, then, was October 4, 2010. In the Objection, Andersen argued that two weeks would not give the defense sufficient time to review any disclosed materials. The Objection, filed September 24, 2010, seeks immediate disclosure. However, subsequent to Andersen's Objection, the trial date was postponed.

Andersen's Objection with respect to 404(b) evidence is moot. A matter is moot when the issues presented are no longer "live." Powell v. McCormack, 395 U.S. 486, 496 (1969). First, the Government stated that it will not introduce any evidence under Rule 404(b), and therefore no "live" issue remains. Further, if the Government were seeking to introduce 404(b) evidence, the trial postponement has rendered Andersen's arguments concerning time to prepare moot. The original disclosure deadlines were in force on October 4, 2010. The Government should have made disclosure by that time. Therefore, the trial postponement has given Andersen additional time to review any disclosures made. Therefore, Andersen's arguments concerning time for review are no longer "live." With no live issues remaining with respect to 404(b) disclosures, Andersen's Objection is overruled on that matter.

## B. Rule 16 Disclosures

Judge Boylan ordered the Government to disclose evidence as "required under Rule 16 and related case law." Order at 3. Rule 16 of the Federal Rules of Criminal Procedure requires

disclosure of the substance of any oral statements made in response to interrogation by government agents. Fed. R. Crim. P. 16. Andersen does not object to the substance of Judge Boylan's Rule 16 analysis in the Order. Rather, Andersen argues that the Government has not made full disclosure of statements covered by Rule 16. The Government, for its part, argues that while it has knowledge of statements made by Andersen to government officials, Rule 16 does not apply because the statements were not made in response to interrogation. Further, the Government argues that, in any event, such statements have been disclosed pursuant to 18 U.S.C. § 3500.

The disclosure obligations of the Government under Rule 16 are not disputed. Therefore, Judge Boylan's Order will remain in effect, and the Objection will be sustained to the extent it seeks to enforce the Order. However, without more specific information regarding whether the statements known to the Government were made in response to interrogation, the Court will refrain from making a ruling regarding any specific statements. Instead, the Court will defer the issue until trial and make a ruling if and when the Government seeks to introduce any statements that were improperly withheld from discovery.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's Order [Docket No. 47] is **AFFIRMED**;

2. Andersen's Appeal/Objection [Docket No. 58] is **OVERRULED** in part and **SUSTAINED** in part;

3. The Government must make all disclosures as required by Rule 16 of the Federal

Rules of Criminal Procedure;

4. No delay of discovery deadlines is contemplated by the continuance of the trial date, all disclosures must be made in compliance with the Order as if the trial date had remained October 18, 2010.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 20, 2010.